[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff, David Royce, owns a grave in Willowbrook Cemetery in Westport, Connecticut. The plaintiff's April 4, 2002 amended complaint contains five counts[1]. The defendants, Willowbrook Cemetery Association, Inc., Willowbrook Management Corporation, and Osiris Management filed a Motion to Dismiss counts one through four of plaintiff's amended complaint for lack of subject matter jurisdiction. Specifically, defendants maintain that plaintiff lacks standing because his claims are actually derivative in nature and as such must be brought on behalf of the Cemetery Association and its members, and not in his individual capacity.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Blumenthal v. Barnes,261 Conn. 434, 442 (2002).
"Standing focuses on whether a party is the proper party to request adjudication of the issues, rather than on the substantive rights of the aggrieved parties. . . . It is a basic principle of law that a plaintiff must have standing for the court to have jurisdiction. Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action. . . ." (Citations omitted, internal quotation marks omitted.) HerzogFoundation, Inc. v. University of Bridgeport, 41 Conn. App. 790, 793-94
(1996).
General Statutes § 52-572j governs derivative actions. General Statutes § 52-572j (a) provides in relevant part: "Whenever any corporation or any unincorporated association fails to enforce a right which may be properly asserted by it, a derivative action may be brought
CT Page 13944
by one or more shareholders or members to enforce the right, provided the shareholder or member was a shareholder or member at the time of the transaction of which he complained. . . ." (Emphasis added.) "A distinction must be made between the right of a shareholder to bring suit in an individual capacity as the sole party injured, and his right to sue derivatively on behalf of the corporation alleged to be injured. . . . [I]t is axiomatic that a claim of injury, the basis of which is a wrong to the corporation must be brought in a derivative suit, with the plaintiff proceeding secondarily," deriving his rights from the corporation which is alleged to have been wronged. . . . Yanow v. TealIndustries, (Citations omitted, internal quotation marks omitted.)178 Conn. 262, 281 (1979). A shareholder may bring an action in his individual capacity against a corporation if the loss complained of is "separate and distinct from that of the corporation or from that of other shareholders." Id., 282. "[T]he distinction between derivative and direct claims turns primarily on whether the breach of duty is to the corporation or to the shareholder[s] and whether it is the corporation or the shareholder[s] that should appropriately receive relief." Fink v.Golenbock, supra, 238 Conn. 201 (1996) (quoting In re Ionosphere Clubs,Inc., 17 F.3d 600, 605 (2d Cir. 1994).
COUNT ONE
Plaintiff alleges that the defendants have unlawfully controlled the Board of Trustees of the Willowbrook Cemetery Association since 1983. Plaintiff specifically alleges that defendants failed to call annual meetings, conducted elections without the members of the Willowbrook Cemetery Association being notified and unfairly forced elections of select persons to the board, all in violation of the certificate of incorporation and by-laws of the Willowbrook Cemetery Association. Plaintiff alleges that these actions deprived plaintiff and other members of rights, harmed the cemetery physically, misappropriated revenue, and left the association with financial obligations which it lacks funds to meet.
The injuries that plaintiff complains of are injuries to the corporation. Plaintiff does not allege any personal injury separate and distinct from that of the corporation or from that of other shareholders. The claims asserted in count one, therefore, must be brought derivatively, not in plaintiff's individual capacity.
In his objection to the motion to dismiss, plaintiff asserts that various statutes provide him standing to maintain his claims.[2],[3]
Plaintiff argues that he has standing to bring count one based on General Statutes § 33-1038. Section 33-1038, "Ultra Vires", provides in
CT Page 13945
relevant part: "(a) Except as provided in subsection (b) of this section, the validity of corporate action may not be challenged on the ground that the corporation lacks or lacked power to act. (b) A corporation's power to act may be challenged: (1) In a proceeding by a member or director against the corporation to enjoin the act. . . . (c) In a member's or director's proceeding under subdivision (1) of subsection (b) of this section to enjoin an unauthorized corporate act, the court may enjoin or set aside the act, if equitable and if all affected persons are parties to the proceeding, and may award damages for loss other than anticipated profits, suffered by the corporation or another party because of the enjoining of the unauthorized act."
In the present action, plaintiff is proceeding individually, without all affected persons being parties to the proceeding. Members other than plaintiff have interests that would be affected by the adjudication of plaintiff's claim. General Statutes § 33-1038, therefore, does not provide plaintiff with standing to bring count one.
Plaintiff also argues that General Statutes § 33-1089 gives him standing to maintain count one. Section 33-1089 is entitled, "Proceedings to determine validity of elections." Section 33-1089 provides in relevant part: "(a) Upon application of any member, director or person aggrieved, the superior court for the judicial district where the principal office of the corporation is located, or any judge thereof, shall forthwith hear and determine the validity of any election or appointment of any director or officer of a corporation and the right of any person to hold such office. . . ."
"Connecticut General Statutes § 33-1089 provides the only remedy to determine validity of any election of any officer of a corporation."Mohegan Tribe of Indians v. Mohegan Tribe Nation, Superior Court, judicial district of New London at Norwich, Docket No. 110562 (October 15, 1998, Hurley, J.T.R.), 23 Conn.L.Rptr. 251. Again, plaintiff does not cite the statute in his complaint. There is no indication in count one or in the claims for relief that plaintiff is proceeding under §33-1089. Count one is not brought as an application under § 33-1089, rather plaintiff makes a broad attack on the alleged unlawful control by the board since 1983. General Statutes § 33-1089, therefore, does not give the plaintiff standing to bring count one.
Plaintiff further argues that he has standing under General Statutes § 33-1128 to bring count one. Section 33-1128 covers judicial action as it relates to directors' conflicting interest transactions. Again, plaintiff has failed to indicate in count one that he is proceeding under this statute. Additionally, the essence of the allegations in count one
CT Page 13946
is that the defendants conducted invalid elections thereby maintaining unlawful control of the board. As stated above, General Statutes §33-1089 provides the exclusive remedy for determining validity of any election of any officer of a corporation. Mohegan Tribe of Indians v.Mohegan Tribe Nation, supra, Superior Court, Docket No. 110562. General Statutes § 33-1128 does not give the plaintiff standing to bring count one.
For all the foregoing reasons, the motion to dismiss count one is granted.
COUNT TWO
The plaintiff alleges that between 1983 and 1998 the defendants misappropriated $4,208,000 of cemetery revenue in violation of the by-laws, which required all future revenue of the association be devoted to the improvement or extension of the cemetery and for the creation of a fund for the protection of the grounds forever. Plaintiff further alleges that defendants passed new by-laws, which removed the language regarding all future revenue, without the informed consent of the members of the Willowbrook Cemetery Association. Plaintiff alleges that as a result of the misappropriation of funds, the cemetery and the association were harmed by keeping the perpetual fund too small to maintain and administer the cemetery.
In count two, the plaintiff makes no allegations of an individual injury separate and distinct from that of the corporation. Rather, the basis of the claim of injury, i.e., misappropriation of revenue causing the perpetual fund to be too small to maintain the cemetery, is a wrong to the corporation, not the plaintiff individually, and as such, must be brought in a derivative suit. Furthermore, any possible recovery under count two for misappropriation of revenue would belong to the Cemetery Association and not to the plaintiff individually.
Additionally, for the reasons discussed under count one, the court finds that § 33-1038 does not give plaintiff standing to maintain count two. Similarly, § 33-1128 also does not give the plaintiff standing to bring count two. There is no indication that the plaintiff is proceeding under § 33-1128. Nothing in the allegations of this count involve directors' conflicting interest transaction. The plaintiff makes only general allegations of misappropriation of funds. The motion to dismiss count two, therefore, is granted.
COUNT THREE
CT Page 13947
The plaintiff alleges that defendants have sold graves in improper areas of the cemetery causing foot traffic over graves and damaging the beauty of the cemetery. Plaintiff also alleges that defendants gave away graves for free as a marketing ploy, thereby depriving the cemetery of future revenue needed for upkeep and services.
This count is labeled as unlawful conversion of property. The plaintiff has failed to allege conversion of his personal property or any personal injury, separate and distinct from that of the corporation. Any relief obtained would belong to the Cemetery Association and not the plaintiff individually. Plaintiff must bring this claim derivatively.
Additionally, for the reasons stated in the discussion of count one, the court finds that § 33-1038 does not give the plaintiff standing to maintain count three. The motion to dismiss count three, therefore, is granted.
COUNT FOUR
Plaintiff alleges that defendants violated the Connecticut Unfair Trade Practices Act, General Statutes § 42-110b, based on counts one through three. Because counts one, through three are dismissed, count four must also be dismissed.
SO ORDERED
 ___________________ CHASE T. ROGERS SUPERIOR COURT JUDGE
CT Page 13948